# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-14-869-R |
| | ) |
| (1) BRIGGS & SONS, INC., | ) |
| (2) STEVEN BERG, and | ) |
| (3) D&S ENTERPRISES, INC., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Compel. Doc. No. 23. Defendants have responded to the motion, requesting an additional twenty days to respond to Plaintiff's Interrogatories and to produce additional documents in response to Plaintiff's Requests for Production. Doc. No. 24.

Plaintiff issued Interrogatories and Requests for Production to Defendants Berg and D&S Enterprises, Inc. ("D&S") on October 13, 2014, which had a response deadline of November 14, 2015. Doc. No. 23, ¶ 5, Ex. B. Plaintiff agreed to a two-week extension, but as of March 3, 2015, neither Berg nor D&S had responded. *Id.*, ¶¶ 6, 10, Ex. C. On January 14, 2015, Plaintiff issued Interrogatories and Requests for Production to Defendant Briggs & Sons, Inc. ("Briggs"), which had a deadline of February 13, 2015. *Id.*, ¶ 8, Ex. E. As of March 3, Briggs had not responded. *Id.*, ¶ 10. In an attempt to obtain discovery without judicial intervention, Plaintiff sent an email on January 8, 2015 asking when responses from Berg and D&S could be expected, and another letter on February

18 inquiring about all three sets of discovery responses that had not yet been received. Doc. No. 23, Exs. D, F.

In response to Plaintiff's motion, Defendants asserts that they have all responded to Plaintiff's Requests for Production, and they are "attempting to obtain approval of the Answers to Interrogatories and executed verifications." Doc. No. 24, ¶ 3. This process is taking an extended period of time, apparently because "Defendants work in rural areas of several different states." *Id.* They seek an additional twenty days to respond to Plaintiff's Interrogatories and to produce additional documents. *Id.*, ¶ 4.

Defendants have provided no reasonable explanation for why, at the time of their response, Berg's and D&S' disclosures were almost four months late, and why Briggs' disclosures were over one month late. Plaintiff's Motion to Compel [Doc. No. 23] is GRANTED. Defendants shall respond to Plaintiff's Interrogatories and produce any additional documents not already produced that are responsive to the Requests for Production by Monday, April 13, 2015.

Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard,[1] require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless any one of three exceptions apply. FED. R. CIV. P. 37(a)(5)(A). The Court finds Plaintiff

---

[1] The Court need not conduct a hearing to satisfy the "opportunity to be heard" requirement. Defendants' written response to the Motion to Compel is sufficient, especially given that Plaintiff requested an award of attorney's fees in his motion. *See* Doc. No. 23, at 5; FED. R. CIV. P. 37 advisory committee's note ("[T]he phrase "after opportunity for hearing" is changed to "after affording an opportunity to be heard" to make clear that the court can consider such questions on written submissions as well as on oral hearings.").

attempted in good faith to obtain discovery without court action, Defendants' nondisclosure was not substantially justified, and no circumstances make an award of expenses unjust. *See id.* Therefore, the Court finds that Defendants Briggs & Sons, Inc. and D&S Enterprises, Inc. should pay Plaintiff's reasonable expenses incurred in making the Motion to Compel, including attorney's fees. Plaintiff is hereby directed to submit such expenses and fees to Defendants Briggs and D&S for payment. If Defendants object to said amount, and the parties are unable to reach a resolution, the parties may file an appropriate motion with the Court.

IT IS SO ORDERED this 1st day of April, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE